UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hayward Leon Rogers, #278510, | ) C/A No. 8:08-2883-MBS-BHH |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Colie L. Rushton, | ) |
| Respondent. | ) |

This matter comes before the court on review of the petitioner's responses to an order to show cause entered on October 9, 2008. In that order, the petitioner was directed to show cause why he should not be placed under pre-filing review to prohibit him from filing further frivolous claims for relief pursuant to 28 U.S.C. § 2254. After a review of the petitioner's responses to the show cause order, the undersigned recommends that the petitioner be placed under an order of pre-filing review.

**Background**

The petitioner is confined at the McCormick Correctional Institution pursuant to orders of commitment of the Clerk of Court for Lexington County. He was indicted at the February 1999 term of the Court of General Sessions for Lexington County for three counts of 1st degree criminal sexual conduct (CSC), kidnapping, strong armed robbery, 2nd degree burglary, and assault and battery with intent to kill. On September 21, 2001, he was convicted of kidnapping, strong armed robbery, assault and battery with intent to kill, and two counts of 1st degree criminal sexual conduct. He was then sentenced to life imprisonment without parole for kidnapping; and given concurrent sentences of life imprisonment without parole for assault and battery with intent to kill, life imprisonment

1

without parole for each 1st degree CSC count and fifteen (15) years imprisonment for strong armed robbery.

He filed a timely Notice of Intent to Appeal.  On August 9, 2004, his convictions and sentences were affirmed.  *See State v. Rogers*, 603 S.E.2d 910 (S.C. Ct. App. 2004).  On October 27, 2004, he filed a state application for post-conviction relief ("PCR") and that PCR action is currently pending in Lexington County.

The petitioner filed his first petition for habeas corpus in this Court in 2002 while his direct appeal was pending.  The Court denied his request for relief, without prejudice, because he had failed to exhaust state remedies.  *See Rogers v. Condon, et al.*, Civil Action No. 8:02-3820-MBS (D.S.C. 2002).

In 2003, he filed his second petition for writ of habeas corpus seeking relief from the same convictions and sentences.  The Court once again denied his request for relief, without prejudice, because he had still failed to exhaust his state court remedies.  *See Rogers v. State of South Carolina, et al.*, 8:03-2745-MBS (D.S.C. 2003).

Later that same year, the petitioner filed his third petition for writ of habeas corpus, and he was told, once again, that he had failed to exhaust his state court remedies.  *See Rogers v. McMaster*, Civil Action No. 8:03-3050.  He appealed this decision to the Fourth Circuit Court of Appeals where his appeal was dismissed and the decision of the District Court was affirmed.  *See Rogers v. McMaster,* 115 Fed. Appx. 156 (4th Cir. 2004).  The petitioner filed a fourth habeas case in 2004 and achieved the same results.  *See Rogers v. Rushton, et al.*, 124 Fed. Appx. 812 (4th Cir. 2005).

In 2005, the petitioner filed a fifth petition for writ of habeas corpus, and an order

was entered authorizing service of process. During the course of this particular habeas proceeding, the petitioner filed twenty-four (24) motions. The respondents filed a motion for summary judgment, alleging that the petitioner's application for post-conviction relief was still pending in the Court of Common Pleas for Lexington County. The exhibits appended to the respondents' memorandum in support of motion for summary judgment (Entry No. 13) revealed that the delay in the post-conviction case resulted from the petitioner's repeated attempts to have his third post-conviction counsel relieved as counsel of record. The exhibits showed that the petitioner repeatedly complained about his third post-conviction counsel[1] and filed various motions and appeals to have counsel relieved. Consequently, the petitioner's third post-conviction counsel was relieved on October 17, 2005.[2] Since the application for post-conviction relief was still pending, this Court dismissed the petitioner's fifth petition for writ of habeas corpus for failure to exhaust state

---

[1] The petitioner's second post-conviction counsel, Jason L. Branham, was relieved because he did not practice criminal law. The petitioner's first post-conviction counsel, Al Eargle, Jr., was relieved because he was an Assistant Solicitor for the Eleventh Judicial Circuit (which prosecuted the petitioner) prior to May of 2004 and had an obvious conflict of interest. The petitioner is obviously not responsible or "at fault" for the substitutions of his first and second post-conviction counsel.

[2] The petitioner brought a civil rights action against his third post-conviction attorney in this court: *Hayward Leon Rogers v. Michael W. Chesser,* Civil Action No. 8:05-2005-MBS-BHH. In a Report and Recommendation filed in Civil Action No. 8:05-2005-MBS-BHH on July 25, 2005, the undersigned recommended summary dismissal of the case because the petitioner (the "plaintiff" in Civil Action No. 8:05-2005-MBS-BHH) was "struck out" under the Prison Litigation Reform Act (PLRA) and the defendant had not acted under color of state law. On August 5, 2005, the petitioner (the "plaintiff" in Civil Action No. 8:05-2005-MBS-BHH) filed a motion for voluntary dismissal. In an order filed in Civil Action No.8:05-2005-MBS-BHH on August 10, 2005, United States District Court Judge Seymour granted the motion for voluntary dismissal.

remedies. *See Rogers v. Rushton, et al.*, Civil Action No. 8:05-1555-MBS-BHH. The petitioner appealed this decision to the Fourth Circuit Court of Appeals, but it dismissed the appeal. *See Rogers v. Rushton*, 187 Fed. Appx. 321 (4th Cir. 2006).

On September 28, 2006, petitioner filed a sixth petition for writ of habeas corpus in this Court. According to exhibits submitted with the petition, the application for post-conviction relief was still pending in the Court of Common Pleas for Lexington County. According to the petition, the petitioner had filed an amended application for post-conviction relief (PCR) on September 20, 2005, claiming denial of due process because the state failed to respond to a motion petitioner had filed in conjunction with his amended PCR application. Since this Court had no authority over the state court proceeding, and because state remedies remained unexhausted, this Court dismissed the petitioner's sixth petition for writ of habeas corpus. *See Rogers v. McMaster, et al.*, 8:06-2724-MBS (D.S.C. 2006).

In 2007, a seventh habeas petition was filed, reiterating arguments raised in the sixth petition. This Court noted, again, that state court remedies had not been exhausted. The petitioner was informed that he would not be prejudiced by any delay in State court because the limitations period for filing a federal habeas corpus action is tolled by the pendency of the petitioner's post-conviction case. 28 U.S.C. § 2244(d)(2). *See Rogers v. Rushton*, Civil Action No. 8:07-947-MBS-BHH. An appeal to the Fourth Circuit Court of Appeals was dismissed. *See Rogers v. Rushton*, 2008 WL 2611332 (4th Cir. 2008).

The petitioner has now filed his eighth and ninth habeas petitions in this Court in an attempt to attack the same 2001 convictions and sentences. In the above-captioned

petition, the petitioner's eighth, he admits, again, that his application for post-conviction relief is still pending, yet he argues his due process rights are being violated. A review of the Lexington County website reveals that the petitioner filed an amended application for post-conviction relief on August 20, 2008 in the Court of Common Pleas. The petitioner's ninth habeas petition, which this Court filed as an amended petition to the above-captioned matter, also reveals that the petitioner's PCR application is still pending.[3] Therefore, the undersigned issued a rule to show cause, entered on October 9, 2008, which required the petitioner to establish why he should not be placed under an order of pre-filing review.

## Standard of Review

Federal courts have the authority to issue pre-filing injunctions against vexatious and repetitive litigants. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Courts, however, "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id*. at 817-18 (internal quotation marks and citation omitted). *See also Graham v. Riddle*, 554 F.2d 133 (4th Cir. 1977)(district court has discretion to enjoin frequent litigant so long as access is not completely closed).

The factors a district court should consider in deciding whether to issue a pre-filing injunction are: (1) the party's history of litigation, in particular whether he had filed

---

[3] It is also noted that the petitioner has also been placed under a state court order which directed the Clerk of the South Carolina Supreme Court not to accept any more of the petitioner's filings in the original jurisdiction unless he pays the $25 filing fee for motions filed under Rule 224(d), SCAR. *See* Order of the Supreme Court of South Carolina (dated November 9, 2004), a copy of which is appended to the petitioner's Notice of Supplemental Pleadings (Entry No. 10) in Civil Action No. 8:05-1555.

vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings and (4) the adequacy of alternative sanctions. *Cromer*, 390 F.3d at 817 (internal quotation marks and citation omitted).

Before enjoining the filing of further actions, a court must afford the litigant notice and an opportunity to be heard. *Pardo v. Fed. Corr. Institution-Petersburg*, 19 F.3d 1429 (4th Cir. 1994)(litigant must be notified and given opportunity to object to imposition of pre-filing review); *Tucker v. Seiber*, 17 F.3d 1434 (4th Cir. 1994). Therefore, as noted above, the court issued a rule to show cause on October 9, 2008. The petitioner was directed to inform the court, on or before October 27, 2008, why the court should not impose an order of pre-filing review. The petitioner filed his response to the rule to show cause with the Clerk of Court on October 20, 2008.

### **Petitioner's response**

In his response to the rule to show cause, the petitioner includes numerous legal phrases and he alleges that he was illegally arrested and was denied a preliminary hearing. The petitioner specifically states:

> "The petitioner in this return to the motion and order to show cause; request the court to answer these questions:
>
> 1) Upon my arrest was the State suppose to have shown probable cause for that arrest?
>
> 2) Should the arrest warrants had to be issued by a legal appointed magistrate/Judge or acting magistrate/Judge that was legally appointed and sworn in? See S.C. Code of Laws 14-17-340.
>
> 3) Should probable cause have been determined by a legal appointed magistrate/Judge?

4) Upon my arrest should I have been advised of my Miranda rights? Miranda v. Arizona, 86 S.Ct. 1602 (1966).

5) While in custody and interrogated, should I have been advised of my Miranda rights?

6) Should I have been advised that I have the right to remain silent, and anything that I say can be used against me in a court of law? Key 641.4(1).Amend. 5, 6.

7) and that if I cannot afford counsel that counsel will be appointed to me? Key 641.4(1), Const. Amend. 5, 6.

8) Did I not have the right to ask for attorney? Criminal Law Key 412.2(1) Const. Amend.6.Criminal Law Key 412.1(4).

9) Then, during in custody and interrogation why was I not advised of my Miranda rights, why was I denied my right to counsel, why over my objections was I threatened, and why by force blood was taking from me without a sufficient search warrant or court order, and with no chain of custody on that blood it was erroneously used against me?

10) and by being denied competent counsel as to not raise these constitutional violations because of the result of state action in violation of the constitution or laws of the United States am I not entitled to writ of habeas corpus? 2254."

The petitioner also argues that there is no exhaustion or statutory limitation for a claim of actual innocence. He concludes by alleging that he was denied equal protection and the benefit of counsel at a "critical stage" resulting in a "miscarriage of justice" that entitles him to be heard "at any time."

## Discussion

Having reviewed the record in light of the factors enunciated in *Cromer*, *supra*, the undersigned finds that the petitioner's lawsuits are duplicative and vexatious. The court finds both the number and content of the petitioner's filings indicative of the frivolousness of the petitioner's claims. The record further suggests that the petitioner's numerous

claims are patently without merit because the petitioner has failed to exhaust his state court remedies prior to filing in this court, despite the courts repeated attempts to encourage him to do so.  As a result, the petitioner cannot have a reasonable expectation of prevailing, and the petitioner has caused the court needless expense and expenditure of time.  The undersigned has considered the adequacy of alternative sanctions before recommending the issuance of a pre-filing injunction, but finds that the petitioner's numerous and repetitive filings with the court renders alternative sanctions ineffective.

Therefore, it is **RECOMMENDED** that, upon the submission of a new habeas case by the petitioner in which he seeks to challenge his conviction, imposed on September 21, 2001, for kidnapping, strong armed robbery, assault and battery with intent to kill, and two counts of 1st degree criminal sexual conduct, and for which he was then sentenced to life imprisonment without parole for kidnapping; and given concurrent sentences of life imprisonment without parole for assault and battery with intent to kill, life imprisonment without parole for each 1st degree CSC count and fifteen (15) years imprisonment for strong armed robbery, the Clerk of Court shall review the pleading to determine if the petitioner has provided the following attachments:

>1) An order from the Court of Common Pleas for Lexington County which shows that a final ruling has been made on the petitioner's application for post-conviction relief in which he challenges his September 21, 2001 conviction and sentence, set out above.

**AND**

>2) An order from the highest state court having jurisdiction over any appeal of the denial of petitioner's application for post conviction relief in which he challenged the September 21, 2001 conviction and sentence, set out above.

It is further **RECOMMENDED** that

      1) if the petitioner fails to provide the two state court orders, the Clerk of Court shall return to him, unfiled, any habeas pleading, and any attachments, which seek to attack his September 21, 2001 conviction and sentence.

**OR**

      2) if the petitioner provides the two state court orders, the Clerk of Court shall file the pleading and assign it a Civil Action Number.

It is also **RECOMMENDED** that the court admonish petitioner that it may impose monetary sanctions against him if he continues to file frivolous or otherwise improper lawsuits.

This recommendation is designed to prevent diversion of judicial work hours, required to review frivolous pleadings, from other litigation pending in this court, including the time of the court's support personnel who must process and docket frivolous pleadings.

                                                                                         s/Bruce Howe Hendricks
                                                                                          United States Magistrate Judge

Greenville, South Carolina
December 3, 2008

***The petitioner's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).