IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Hayward Leon Rogers, #278510, ) | |
| ) | C.A. No. 8:08-2883-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Colie K. Rushton ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Hayward Leon Rogers is a state inmate who is currently housed at the McCormick Correctional Institution. On August 19, 2008, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for kidnapping, strong armed robbery, assault and battery with intent to kill, and two counts of criminal sexual conduct. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On September 25, 2008, Petitioner amended his petition for a writ of habeas corpus. On October 9, 2008, Petitioner was ordered to show cause by October 27, 2008 why he should not be placed under a pre-filing injunction. On October 20, 2008, Petitioner responded to the order to show cause.

On December 2, 2008, the Magistrate Judge issued a Report and Recommendation recommending the issuance of a pre-filing injunction. On December 12, 2008, Petitioner filed objections to the Report and Recommendation. On February 23, 2009, Petitioner filed an additional document in support of his objections entitled "Notice of Removal."

## BACKGROUND

On September 21, 2001, Petitioner was convicted of the above-described crimes in the Court of General Sessions for Lexington County. Petitioner was sentenced to 15 years imprisonment for strong armed robbery, and life imprisonment without parole for each remaining conviction, to run concurrently. Petitioner timely appealed.

On November 18, 2002, Petitioner filed his first petition for writ of habeas corpus. The court dismissed the action without prejudice on December 23, 2002 because Petitioner had not exhausted his state remedies as evidenced by Petitioner's pending appeal. *See Rogers v. Condon, et al.*, Civil Action No. 8:02-3820-MBS (D.S.C. 2002). On August 29, 2003, Petitioner filed his second petition for writ of habeas corpus in this Court. On November 3, 2003, the court again dismissed Petitioner's case without prejudice for failure to exhaust his state remedies. *See Rogers v. State of South Carolina, et al.*, Civil Action No. 8:03-2745- MBS (D.S.C. 2003).

On September 30, 2003, Petitioner filed his third petition for writ of habeas corpus. On February 24, 2004, the court dismissed Petitioner's third habeas corpus action without prejudice for failure to exhaust his administrative remedies. *See Rogers v. McMaster*, Civil Action No. 8:03-3050. On February 27, 2004, Petitioner filed his fourth petition for writ of habeas corpus. Petitioner appealed the court's decision regarding his third petition for writ of habeas corpus to the Fourth Circuit Court of Appeals on March 4, 2004.

On August 9, 2004, Petitioner's convictions and sentences were affirmed by the Court of Appeals of South Carolina. *See State v. Rogers*, 603 S.E.2d 910 (S.C. Ct. App. 2004). On October 27, 2004, Petitioner filed an application for post-conviction relief ("PCR").

On December 2, 2004, the court dismissed Petitioner's fourth habeas corpus action without

prejudice for failure to exhaust his administrative remedies. *See Rogers v. Rushton*, Civil Action No. 8:04-512-MBS (D.S.C. 2004). On December 13, 2004, Petitioner appealed the court's decision regarding his fourth petition for writ of habeas corpus to the Fourth Circuit Court of Appeals. The Fourth Circuit dismissed Petitioner's appeals of the dismissals of his third and fourth petitions for writ of habeas corpus on December 17, 2004 and April 1, 2005 respectively. *See Rogers v. McMaster*, 115 Fed. App'x 156 (4th Cir. 2004); *Rogers v. McMaster*, 124 Fed. App'x 812 (4th Cir. 2005).

On June 28, 2005, Petitioner filed his fifth petition for writ of habeas corpus. On August 16, 2005, the respondents filed a motion for summary judgment. On February 28, 2006, the court dismissed Petitioner's fifth petition for writ of habeas corpus without prejudice to allow Petitioner to exhaust his state court remedies. *See Rogers v. Rushton*, Civil Action No. 8:05-1555-MBS (D.S.C. 2006). Petitioner appealed this decision on March 10, 2006, and the Fourth Circuit dismissed the appeal on July 5, 2006. *See Rogers v. Rushton*, 187 Fed. App'x 321 (4th Cir. 2006).

On September 28, 2006, Petitioner filed his sixth petition for writ of habeas corpus. On January 30, 2007, the court dismissed Petitioner's sixth petition for writ of habeas corpus without prejudice for failure to exhaust his administrative remedies. *See Rogers v. Warden*, Civil Action No. 8:06-2724-MBS (D.S.C. 2007).

On April 10, 2007, Petitioner filed his seventh petition for writ of habeas corpus. On March 4, 2008, the court dismissed Petitioner's seventh petition for writ of habeas corpus without prejudice for failure to exhaust his administrative remedies. *See Rogers v. Rushton*, Civil Action No. 8:07-947-MBS (D.S.C. 2008). The court specifically informed Petitioner that he would not be prejudiced by a delay in state court because the limitations period for filing a federal habeas corpus action is

tolled during the pendency of the petitioner's PCR case. *Id.*; *see also* 28 U.S.C. § 2244(d)(2). On March 28, 2008, Petitioner appealed this decision, and on June 25, 2008, the Fourth Circuit dismissed the appeal. *See Rogers v. Rushton*, No. 08-6472, 2008 WL 2611332 (4th Cir. 2008).

Currently before the court is Petitioner's eighth petition for writ of habeas corpus. Petitioner contends that there has been an inordinate delay of over forty-seven months in the processing of his application for PCR resulting in a violation of his right to due process; he is actually innocent; there was no probable cause for his arrest; he was not advised of his Miranda rights when he was arrested; he was interrogated without an attorney while in custody despite asking for an attorney; his blood was taken while in custody without his consent; the state offered no proof of the method or chain of custody relating to his blood sample; and there was no proof offered regarding a second DNA test. In addition, Petitioner argues that "there is no time bar or statute of limitations on a claim of actual innocence."

Petitioner admits in his petition that his application for PCR is still pending. A review of the Lexington County public index reveals the following: 1) Petitioner sought to have his counsel relieved multiple times; 2) Petitioner filed an amended application for PCR on June 6, 2005; 3) Petitioner sought to amend his application on September 20, 2005; 4) Petitioner sought to amend his application on May 31, 2007; 5) Petitioner filed an amended application for PCR on August 21, 2008; 6) Petitioner amended his application for PCR on April 9, 2009; 7) an order of dismissal was entered in Petitioner's PCR case on August 20, 2009; 8) Petitioner again sought to amend his application for PCR on September 4, 2009 and September 9, 2009; 9) on October 29, 2009, the motions to amend were denied; and 10) on November 19, 2009, Petitioner appealed the PCR court's dismissal to the South Carolina Supreme Court.

**DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report of Magistrate Judge to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

A. Delay in PCR Action

Petitioner objects to the Magistrate Judge's Report and Recommendation arguing that the court should exercise jurisdiction in this habeas action despite his failure to exhaust his state remedies. Petitioner argues that the delay in his PCR action indicates that "there is an absence of available state corrective process" and the state "process is ineffective to protect the [due process] rights of Petitioner." *See* Entry 17 at 2. Petitioner also appears to seek the removal of his PCR action to federal court alleging that a federal question has been raised. *See* Entry 19.

The habeas corpus statute requires that state remedies be exhausted before a federal court may grant habeas corpus relief to a state prisoner. *Patterson v. Leeke*, 556 F.2d 1168, 1170 (4th Cir. 1977). Title 28 United States Code Section 2254(b) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

*Id.* The exhaustion requirement is based upon the notion that states "should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v.*

*Thompson*, 501 U.S. 722, 731 (1991).

The Fourth Circuit has recognized, however that "undue delay in processing an appeal may rise to the level of a due process violation." *United States v. Johnson*, 732 F.2d 379, 381 (4th Cir. 1984). In determining whether a due process violation has occurred, the court analyzes the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): 1) the length of delay, 2) the reason for the delay, 3) the defendant's assertion of his right, and 4) prejudice to the defendant. *Id.* at 381-82.

With regard to the first factor, the court recognizes that a delay of over forty-seven months may indicate that due process has been denied. *See Johnson*, 732 F.2d at 382. With regard to the second factor, the court finds that Petitioner's multiple attempts to have his counsel relieved and to amend his application appear to have driven the delay in the PCR court's determination. In addition, the court notes that the PCR court has made a final determination and that Petitioner's appeal is now pending before the South Carolina Supreme Court indicating that Petitioner's state remedies will soon be exhausted. With regard to the third factor, the court finds that Petitioner has adequately asserted his right to a speedy appeal. Finally, with regard to the fourth factor, the court finds that Petitioner has not been prejudiced by any delay because the limitations period for filing a habeas corpus action is tolled by the pendency of the petitioner's PCR case. 28 U.S.C. 2244(d)(2). The court concludes that the delay in Petitioner's PCR action has not resulted in a denial of due process. Therefore, the court declines to exercise jurisdiction in this case and Petitioner's case is dismissed without prejudice for failure to exhaust state remedies.

B. <u>Allegations of Bias</u>

Petitioner also objects to the recommendation of a pre-filing injunction contending that the Magistrate Judge is biased and prejudiced against him. Petitioner argues that there is evidence of

bias because Respondent failed to respond to the order to show cause and was not sanctioned by the Magistrate Judge.

A federal court has the power to issue pre-filing injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty, but such injunctions must not effectively deny access to the courts. *Tucker v. Seiber*, 17 F.3d 1434, 1994 WL 66037, at *1 (4th Cir. 1994). In issuing a pre-filing injunction, courts must weigh all the relevant circumstances, including:

> 1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; 2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; 3) the extent of the burden on the courts and other parties resulting from the party's filings; and 4) the adequacy of alternative sanctions.
> The court finds that this objection is without merit.

*Cromer v. Kraft Foods N. Amer., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). In addition, a judge must ensure that the injunction is "is narrowly tailored to fit the specific circumstances at issue." *Id.*

The court finds that Petitioner's allegations of bias are without merit. The order to show cause clearly indicated that only Petitioner was required to respond. Therefore, the absence of a sanction against Respondent does not provide evidence of bias. As a result, Petitioner's objection amounts to no more than mere speculation as to bias.

Despite this, the court has carefully reviewed the entire record and concludes that a pre-filing injunction is warranted in this case. The court concurs with the Magistrate Judge's finding that Petitioner's multiple habeas corpus actions filed during the pendency of his direct appeal and application for post-conviction relief are duplicative and vexatious, causing the needless expense of court resources and time. The court finds that Petitioner's habeas claims are without merit because Petitioner has again failed to exhaust his state remedies despite repeated encouragement by this court to do so. The court also finds that alternative sanctions would not be effective in deterring Petitioner

from filing yet another habeas corpus action prior to the resolution of his PCR appeal. Therefore, the court concludes that a pre-filing injunction, limited to additional habeas corpus actions attacking Petitioner's September 21, 2001 conviction and sentence, is warranted.

## CONCLUSION

The within petition for writ of habeas corpus is **dismissed without prejudice**. The court adopts the Report and Recommendation and incorporates it herein by reference. The court **orders that Petitioner shall be subject to a pre-filing injunction**. Upon the submission of a new habeas corpus action by Petitioner in which he seeks to challenge his conviction and sentence imposed on September 21, 2001, the Clerk of Court shall review the pleading to determine if Petitioner has provided: 1) an order from the Court of Common Pleas for Lexington County demonstrating that a final ruling has been made on Petitioner's application for post-conviction relief in which he challenges his September 21, 2001 conviction and sentence, **AND** 2) an order from the highest state court having jurisdiction over any appeal of the denial of Petitioner's application for post-conviction relief in which he challenges his September 21, 2001 convictions and sentences. If Petitioner fails to provide the above-described state court orders, the Clerk of Court shall return to him, unfiled, any habeas pleading seeking to attack his September, 21, 2001 conviction and sentence. If Petitioner provides the two state court orders, the Clerk of Court shall file the pleading and assign it a Civil Action number. Petitioner is warned that the court may impose monetary sanctions against him if he continues to file frivolous or otherwise improper lawsuits.

**IT IS SO ORDERED.**

                                                                                            <u>s/ Margaret B. Seymour</u>
                                                                                            The Honorable Margaret B. Seymour
                                                                                            United States District Judge

February 4, 2010
Columbia, South Carolina